OPINION of the Court, by
Ch* J. Boyle.
Two points are made in this case. 1st, Whether in an action of covenant upon a general warranty, the value of the land with its improvements at the time of eviction*' is the proper measure of damages l
of chases ⅛ a bet. ter cIaira to eJ¡j” fum paid for the better claim, the vendor to lcfsen fhe da-™a«es m upon the war-ranty.
¿nelly. Whether where the vendee has purchased in the right of the successful claimant, e', idenrr of what he had given is admissible, for the purpose ■:,{ reducing the quantum of recovery in an action upon the covenant of warranty ?
The first point was decided in the negative, in the case or Cox's heirs vs. Strode (ante 273). 1 he doctrine there settled, has been repeatedly recognized in many subsequent cases, and is now too well understood to require any comment.
The second point is entirely new, and at first view presented some difficulty, but upon further reflection we think the evidence inadmissible. ■
Without deciding whether in equity the vendee would be a trustee for the vendor, so far as to autho-rise the latter to avail himself of the advantages of the purchase from the successful claimant, we can have no doubt that at law he cannot be so considered ; and in an action at law upon the covenant of warranty, a mere equity cannot be an admissible ground of defence.
Reside, the evidence of an extraneous matter of this kind, is calculated to take the adverse party at surprise, and on that account is extremely objectionable.
The court below therefore, decided correctly in rejecting the evidence of what the vendee had given to the successful claimant, but erroneously admitted proof of the value of the land with its improvements, at the lime of eviction.-Judgment reversed, See.